IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON PAUL BOUDREAUX,
    Petitioner,

v.                                                  Case No. 3:12cv197/LC/CJK

MICHAEL D. CREWS,
    Respondent.
_____

# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 4). Respondent moves to dismiss the petition as untimely, submitting relevant portions of the state court record. (Doc. 16). Petitioner responds in opposition to dismissal. (Doc. 21). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in the Circuit Court for Escambia County Florida, petitioner was convicted of Burglary of a Dwelling with Assault or Battery (Count

1) and Attempted Robbery with a Deadly Weapon (Count 2). (Doc. 16, Ex. A, pp. 48-49, 63, 70-79).[1] Petitioner was sentenced on June 7, 2006, to 40 years imprisonment on Count 1 and a concurrent 25-year term of imprisonment on Count 2, to run consecutive to a 5-year VOP sentence in Escambia County Circuit Court Case Number 02-2182. (Ex. A, p. 63, 70-79). The Florida First District Court of Appeal ("First DCA") affirmed petitioner's judgment of conviction and sentences on August 1, 2007. *Boudreaux v. State*, 961 So. 2d 935 (Fla. 1st DCA 2007) (Table) (copy at Ex. H).

On December 6, 2007, petitioner filed a motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. (Ex. I, pp. 1-5). The trial court denied the motion on July 2, 2008. (*Id.*, pp. 7-99). The First DCA per curiam affirmed without written opinion, *Boudreaux v. State*, 999 So. 2d 646 (Fla. 1st DCA 2008) (Table) (copy at Ex. L, p. 1), with the mandate issuing January 26, 2009. (*Id.*, p. 2).

On March 26, 2009, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. M, pp. 1-44). On June 22, 2009, the state court struck the motion as facially insufficient and granted petitioner leave to file an amended motion within sixty days. (*Id.*, pp. 45-46). Petitioner sought an extension of time to file an amended motion (*id.*, pp. 47-48), but was denied (*id.*, p. 49). Petitioner appealed the order striking his Rule 3.850 motion. Petitioner's appeal was dismissed on December 29, 2009, *Boudreaux v. State*, 27 So. 3d 662 (Fla. 1st DCA 2009) (Table) (copy at Ex. R), with the mandate issuing February 23, 2010. (Ex. T).

---

[1] All references to exhibits will be to those provided at Doc. 16, unless otherwise noted.

*Case No: 3:12cv197/LC/CJK*

On February 22, 2010, petitioner filed another Rule 3.850 motion in the trial court. (Ex. W, pp. 1-32). Petitioner filed an amended motion on March 12, 2010. (*Id*., pp. 33-66). Both motions were dismissed as untimely. (*Id*., pp. 67-81). The First DCA affirmed in a published decision, *Boudreaux v. State*, 45 So. 3d 36 (Fla. 1st DCA 2010) (copy at Ex. AA). The mandate issued October 14, 2010. (Ex. CC). Petitioner sought review of the First DCA's decision in the Florida Supreme Court. (Ex. DD). The Florida Supreme Court initially accepted jurisdiction, but later decided that review had been improvidently granted. *Boudreaux v. State*, 84 So. 3d 256 (Fla. 2012) (copy at Ex. II). Petitioner's case was dismissed on March 8, 2012. *Id*.

While petitioner's Rule 3.850 proceeding was pending, petitioner filed, on March 4, 2010, a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). (Ex. U, pp. 1-7). The motion was denied. (*Id*., pp. 8-22). The First DCA per curiam affirmed without written opinion, *Boudreaux v. State*, 41 So. 3d 892 (Fla. 1st DCA 2010) (Table) (copy at Ex. V), with the mandate issuing August 31, 2010. (*Id*.).

Petitioner filed the instant federal habeas petition on May 21, 2012. (Doc. 4). Respondent asserts that the petition should be dismissed as untimely. (Doc. 16).

TIMELINESS

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. §

2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on August 1, 2007. Petitioner did not seek review of his conviction in the United States Supreme Court.

Accordingly, petitioner's conviction became "final" for purposes of § 2244 on October 30, 2007, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas limitations period began to run on October 30, 2007, and expired on October 31, 2008, one year from the day after petitioner's judgment became final, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period between October 30, 2007 and October 31, 2008. Petitioner's Rule 3.853 motion for postconviction DNA testing did not toll the limitations period. The Eleventh Circuit held in *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008), that a Rule 3.853 motion is not an "'application for post-conviction or other collateral review with respect to the pertinent judgment,' for purposes of the AEDPA tolling statute." *Id.* at 1337 (*quoting* 28 U.S.C. § 2244(d)(2)).

None of petitioner's later applications for postconviction or other collateral review filed in 2009 and 2010 triggered the tolling benefit of § 2244(d)(2), because

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

they were filed after the AEDPA's limitations period expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's time for seeking federal habeas review expired on October 31, 2008. Petitioner's federal habeas petition, filed May 21, 2012, is untimely.

## EQUITABLE TOLLING

Petitioner appears to argue that he is entitled to equitable tolling because he diligently pursued his rights, did not have the benefit of counsel in his postconviction proceedings, and had no way of knowing that his Rule 3.853 motion for postconviction DNA testing would not toll the federal habeas limitations period, because the Eleventh Circuit's opinion in *Brown* was not issued until 2008. (Doc. 21).

"[A federal habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond

his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *San Martin*, 633 F.3d at 1267.

Petitioner's lack of a legal education and lack of counsel do not provide a basis for equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) ("[P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations."));  *see also, e.g.*, *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that petitioner's *pro se* status and ignorance of the law are not "'rare and exceptional' circumstances because they "are typical of those bringing a § 2254 claim."); *DeLeon v. State of Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("The lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion."). Further, petitioner could have learned that his Rule 3.853 motion did not toll the federal habeas limitations period, because the *Brown* decision issued on June 19, 2008, more than four months before petitioner's federal habeas limitations period expired.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.

*Case No: 3:12cv197/LC/CJK*

Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 16) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 4), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Jason Paul Boudreaux*

in the Circuit Court for Escambia County, Florida, Case No. 05-2770, be DISMISSED WITH PREJUDICE, and the Clerk be directed to close the file.

    3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of March, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).